# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIEP NGUYEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-973-R |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Diep Nguyen brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 14, hereinafter "R. _"). The parties have briefed their positions, and the case is ready for decision. For the reasons stated herein, it is recommended that the Commissioner's decision be affirmed.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed applications for DIB on February 29, 2012, alleging a disability onset date of October 21, 2011. R. 150-51, 197. Following denial of her

applications initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on October 29, 2013. R. 37-55, 56-59, 62-71. In addition to Plaintiff, a vocational expert testified at the hearing. R. 37-55. The ALJ issued an unfavorable decision on March 28, 2014. R. 16-36.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 21, 2011. R. 21. At step two, the ALJ determined that Plaintiff had the severe impairments of cervical disc disease, low back degenerative disc disease, seronegative rheumatoid arthritis, and trochanteric bursitis bilateral hips. R. 21-26. At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 26-27.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 27-29. The ALJ found:

> [Plaintiff] has the [RFC] to perform light work . . . except: lift 20 pounds occasionally and 10 pounds frequently; stand/walk about 6 hours in 8 hour day; sit about 6 hours in an 8 hour day; no more than occasional bending or twisting of neck; no more than occasional lifting with right upper extremity.

R. 27. Applying this RFC assessment, the ALJ determined at step four that Plaintiff was unable to perform her past relevant work as a hand packer. R. 29.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work

experience, and RFC—could perform. R. 30. Taking into consideration the vocational expert's testimony regarding the degree of erosion to the unskilled light occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform light, unskilled occupations such as folder or insert machine operator, photocopy machine operator, and sewing machine operator, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 30. Therefore, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 31.

Plaintiff's request for review by the Appeals Council was denied. R. 1-7. The unfavorable determination of the ALJ stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the

administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

On appeal, Plaintiff asserts that the ALJ's decision is not supported by substantial evidence with respect to both the RFC determination and the ALJ's step-five reliance upon the vocational expert's testimony. *See* Pl.'s Br. (Doc. No. 16) at 4-11.[1] The undersigned addresses each argument in turn.

A. *Whether the RFC Finding Is Supported by Substantial Evidence*

As outlined above, the ALJ found that Plaintiff retained the RFC to perform "light work," subject to specific limitations on lifting, walking, bending, twisting her neck, and use of her right upper arm. R. 27; *see* 20 C.F.R. § 404.1567(b).

1. *Plaintiff's Hands and Knees*

Plaintiff first challenges this RFC on the basis that the ALJ failed to include limitations as to Plaintiff's use of her hands and her knees. *See* Pl.'s Br. at 5-7.

Regarding her hands, Plaintiff argues that the ALJ failed to properly consider: (i) restrictions assessed by James Odor, MD; (ii) a diagnosis of carpal tunnel syndrome from

---

[1] With the exception of the administrative record, references to documents electronically filed by the parties use the page numbers assigned by the Court's ECF system.

4

W. Dean Spence, MD; and (iii) Plaintiff's statements regarding her hand pain, as reflected in both her physicians' treatment notes and in her own testimony and self-reports to the SSA. *See id.* at 6.

With respect to Dr. Odor, the ALJ did discuss Dr. Odor's treatment of Plaintiff, which is reflected in records dating from September 2004 to November 2005. R. 21-22 (citing R. 234-43 (Ex. 1F)). As noted by the ALJ, Dr. Odor twice recommended that Plaintiff refrain from using a screw gun and pliers at work. R. 22; *see* R. 237 (December 2004: "I am recommending . . . no use of the screw gun and pli[e]rs at work *at least for now* pending further evaluation." (emphasis added)); R. 235 (January 2005: opining that Plaintiff is "still able to work" "with restrictions as given last time, including . . . no use of the screw[] gun and pliers"). Importantly, however, Dr. Odor issued these recommendations nearly *seven years* prior to when Plaintiff herself alleges her disability began (i.e., October 21, 2011). R. 235, 237; *see* R. 21, 31. While such records are "relevant to the claimant's medical history and should be"—and in this case were—considered by the ALJ, *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), Plaintiff fails to demonstrate how such long-past restrictions, applicable to a specific job to which the ALJ determined Plaintiff is not able to return, require the imposition of additional limitations in her current RFC. *See* R. 29 ("The claimant is unable to perform any past relevant work."). Considered in context, Dr. Odor's recommendations appear nonpermanent in nature and were expressly based upon pain in Plaintiff's shoulders, neck, and arms, rather than in the hands themselves. *See* R. 235-43; *see also* R. 27 (ALJ imposing limitations on lifting and on neck movement). These recommendations do not

5

reflect any lack of substantial evidence in the ALJ's RFC finding. *Cf. Lykins v. Colvin*, No. 15-5081, 2016 WL 3583267, at *2 (10th Cir. July 1, 2016) (upholding RFC determination when ALJ failed to include a limitation that was "not significantly probative" and was "overstate[d]" by claimant, and ALJ's "failure to mention the limitation" did not "undermine[] the substantial evidence supporting the ALJ's decision"); *Shockley v. Colvin*, 564 F. App'x 935, 937 (10th Cir. 2014) (upholding ALJ's failure to expressly discuss medical evidence that predated claimant's alleged disability onset date where "the pre-insured-period records add[ed] nothing of significance").

Next, Plaintiff points to Dr. Spence's diagnosis of carpal tunnel syndrome in March 2012. *See* R. 245-46. But the ALJ specifically discussed this diagnosis, and other treatment records from Dr. Spence, in finding at step two that Plaintiff's carpal tunnel syndrome was not severe—i.e., that the condition did not "significantly limit[] [Plaintiff's] physical . . . ability to do basic work activities." *See* R. 23, 26 (citing R. 244-53 (Ex. 2F), R. 274-80 (Ex. 8F), R. 286-88 (Ex. 10F)); 20 C.F.R. § 404.1520(c). Plaintiff does not specifically challenge this finding on appeal. In his analysis, the ALJ found that Dr. Spence's diagnosis contrasted with the facts that "there appears to be no treatment related to the hands" and that consultative examiner Benjamin Pitman, MD, "found only back and neck pain." R. 26; *see* R. 23-24, 255-62. These underlying findings are reasonably supported by the record and in turn support the ALJ's step two conclusion. The undersigned will not reweigh this evidence or substitute his own judgment for that of the Commissioner. *See Bowman*, 511 F.3d at 1272. Moreover, "a diagnosis of a condition does not establish disability": the relevant inquiry is whether the claimant's

impairments and related symptoms cause functional restrictions or limitations that affect the claimant's capacity to do work-related activities. *Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007); SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

Finally, insofar as the RFC's lack of limitations on Plaintiff's use of her hands, Plaintiff objects that the ALJ failed to adequately take into account Plaintiff's complaints regarding her hands, as reflected both in physicians' histories and in Plaintiff's own self-reports and hearing testimony. The ALJ did specifically discuss Plaintiff's testimony and certain of the medical records containing the complaints noted by Plaintiff, *see* R. 23 (citing Ex. 2F), R. 24-25 (citing Exs. 9F, 11F), R. 25-26 (citing Exs. 8F, 10F), R. 28, 29 (citing Plaintiff's hearing testimony and her "subjective description of her symptoms"), and the Appeals Council specifically considered the remainder of those records, *see* R. 2, 5; R. 306-71 (Exs. 13F, 14F). But Plaintiff's own complaints are not a medical opinion as to her impairments or resulting functional restrictions. *See* 20 C.F.R. §§ 404.1527(a)(2), .1528(a); SSR 96-8p, 1996 WL 374184, at *1. And the ALJ expressly discounted Plaintiff's statements regarding the "intensity, persistence and limiting effects" of her symptoms (namely, pain) based upon a finding that Plaintiff is "not fully credible," R. 29, and Plaintiff raises no challenge to that credibility finding on appeal.

Relevant to Plaintiff's use of her knees, the ALJ's RFC assessment specified that Plaintiff could not walk more than six hours per eight-hour work day and included no limitation on kneeling. R. 27; *see* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Plaintiff argues that greater limitations were required and specifically objects that adequate consideration was not given to (i) her receipt of a physical disability parking

7

placard from the state's public safety department, and (ii) her statements in her hearing testimony and SSA Function Report regarding difficulty with walking and kneeling. *See* Pl.'s Br. at 6 (citing R. 47, 51, 212-19, 287); *see also* R. 370 (Plaintiff's application for physical disability parking placard, completed by Dr. Spence).

As to the first objection, the ALJ was required to consider—and did consider, *see* R. 26—the state agency's determination that Plaintiff was eligible for a handicapped-parking placard. Evidence of another agency's disability decision is "not binding" upon the Commissioner, however. SSR 06-3p, 2006 WL 2329939, at *6 (Aug. 9, 2006); 20 C.F.R. § 404.1504. And while Dr. Spence stated in his treatment note, "Handicapped sticker for osteoarthritis of the knee," in the actual parking-placard application Dr. Spence offered no opinion as to kneeling, certifying only that Plaintiff "[c]annot walk 200 feet without stopping to rest." *Compare* R. 287, *with* R. 370. As to the second objection, Plaintiff's own complaints regarding kneeling and walking, the ALJ considered Plaintiff's statements regarding her symptoms but found them "not fully credible." R. 29. As noted above, that credibility finding is not challenged on appeal.

For all of these reasons, Plaintiff has not shown that the omission of specific restrictions on the use of her hands and on kneeling, or additional restrictions on walking, renders the ALJ's RFC determination unsupported by substantial evidence.

   *2. "Picking and Choosing" and Resolving Inconsistencies in the Evidence*

Plaintiff next argues that the ALJ improperly cherry-picked items in Dr. Odor's opinions by apparently adopting that physician's recommended neck restrictions in the RFC but not adopting the hand restrictions discussed above. *See* R. 234-43 (Ex. 1F)

(records from Dr. Odor); R. 27 (RFC permitting "no more than occasional bending or twisting of neck"). While an ALJ "may not pick and choose which aspects of an *uncontradicted* medical opinion to believe, relying on only those parts favorable to a finding of nondisability," *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) (emphasis added), an ALJ upon proper analysis may differentiate between aspects of a medical opinion that are supported by the record and others that are not. *See* 20 C.F.R. § 404.1527(c)(4). Here, in contrast to the two isolated screw gun-pliers recommendations, the record contained numerous items of evidence consistent with a requirement that Plaintiff's neck movements be limited. The ALJ's imposition of a neck restriction was expressly based upon relevant opinions issued by multiple physicians, not just Dr. Odor. *See, e.g.*, R. 21-22 (ALJ discussing Dr. Odor's treatment of Plaintiff's neck problems (Ex. 1F)), R. 23, 25-26 (ALJ discussing Dr. Spence's treatment of Plaintiff's neck problems (Exs. 2F, 8F, 10F)), R. 23-24 (ALJ discussing Dr. Pitman's opinion of Plaintiff's neck problems and limited range of motion (Ex. 4F)).

Plaintiff next argues that the ALJ failed to resolve "material inconsistencies" between Dr. Odor's medical findings and those of rheumatologist Fahed Hamadeh, MD. *See* Pl.'s Br. at 7; R. 281-85, 289-99, 306-63. Plaintiff fails, however, to specify what she believes to be inconsistent between the two physicians' opinions. *See* Pl.'s Br. at 2, 3-4, 7. To obtain judicial review, it is insufficient to simply "suggest dissatisfaction" or merely mention an issue in the context of another matter. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). The undersigned will not speculate or develop appellate arguments on her behalf. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003).

### 3. The ALJ's Consideration of Dr. Spence's Records

The record reflects that Plaintiff was treated by Dr. Spence in 2012 and 2013. *See* R. 244-53, 272-80, 286-88, 364-71 (Exs. 2F, 7F, 8F, 10F, 14F). Plaintiff objects that the ALJ failed to enter specific findings with respect to Dr. Spence's "records" as required by the treating-physician rule and that this error requires remand. Pl.'s Br. at 7-8.[2] Remand is not required on this basis, however, for the following reasons.

First, under the treating-physician rule, the ALJ must weigh a treating physician's "medical opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); 20 C.F.R. § 404.1527(c)(2). With only two exceptions, however, Plaintiff fails to specify any medical opinion issued by Dr. Spence that she believes was ignored. Again, the undersigned will not speculate or "comb through the record" to find opinions Plaintiff does not identify. *See Threet*, 353 F.3d at 1190; *Effinger v. Callahan*, No. 97-7001, 1997 WL 446724, at *2 (10th Cir. Aug. 6, 1997). Further, Dr. Spence's treatment notes largely consist of recording Plaintiff's own complaints and history, rather than statements "that reflect judgments about the nature and severity of [Plaintiff's] impairment(s)." 20 C.F.R. 404.1527(a)(2) (defining the term "medical opinion"); *see, e.g.*, R. 245, 247, 279. "[W]hen a physician's treatment notes 'do not offer any medical opinions concerning [a claimant's] abilities and limitations,' 'there [is] no pertinent medical opinion for the ALJ

---

[2] One set of Dr. Spence's records, Exhibit 14F, was not mentioned in the written decision because it was submitted to the Appeals Council (along with Exhibit 13F) by Plaintiff's counsel after the ALJ already had issued his denial. *See* R. 2, 6, 233, 306-71. The Appeals Council considered this additional evidence but "found that this information does not provide a basis for changing the [ALJ's] decision." R. 2. Plaintiff does not challenge the Appeals Council's disposition of the later-submitted evidence.

10

to weigh.'" *Mueller v. Colvin*, No. CIV-13-805-M, 2014 WL 3419313, at *3 (W.D. Okla. July 11, 2014) (second and third alterations in original) (quoting *Moua v. Colvin*, 541 F. App'x 794, 797 (10th Cir. 2013)).

Regarding the two opinions specifically cited, Plaintiff first notes that Dr. Spence diagnosed Plaintiff with carpal tunnel syndrome in March 2012. *See* R. 246. As stated above, the ALJ specifically discussed this diagnosis at step two. *See* R. 26. Although the ALJ did not specifically identify the weight assigned to this diagnosis, the ALJ's discussion—contrasting Dr. Spence's diagnosis with the facts that "there appears to be no treatment related to the hands" and that Dr. Pitman "found only back and neck pain," R. 26—makes clear that he gave it little weight. With this discussion, the ALJ gave "good reasons," not challenged by Plaintiff, for his assessment of Dr. Spence's opinion in finding at step two that Plaintiff's carpal tunnel syndrome was not severe. 20 C.F.R. § 404.1527(c)(2); *see also id.* § 404.1527(c)(4), (c)(6). Because the ALJ's reasoning is clear on the face of the decision, any error in failing to assign a specific weight is harmless. *See Tarpley v. Colvin*, 601 F. App'x 641, 643-44 (10th Cir. 2015) (finding "any imaginable oversight" to be "clearly harmless" when ALJ did not expressly state that he was not affording treating physicians' opinions controlling weight but explained that they were entitled to no weight because they were inconsistent with the medical record and there was substantial evidence to support that decision); *Kruse v. Astrue*, 436 F. App'x 879, 883 (10th Cir. 2011) (accepting ALJ's evaluation of treating physician's opinion when ALJ did not state specific weight he gave opinion but the little weight afforded was "readily apparent from the ALJ's rationale"); *cf. Drapeau v. Massanari*,

255 F.3d 1211, 1214 (10th Cir. 2001) (noting that ALJ's rejection of medical evidence is inadequate where the court must speculate as to the basis for rejection). Moreover, as explained above, even an assignment of "controlling weight" to the diagnosis of carpal tunnel syndrome would not necessarily result in a different RFC: what matters is whether functional limitations or restrictions result from that diagnosis. *See Madrid*, 243 F. App'x at 392; SSR 96-8p, 1996 WL 374184, at *2.

Second, Plaintiff objects that the ALJ inadequately considered a two-page Pain Assessment questionnaire that was completed by Dr. Spence in March 2013. *See* Pl.'s Br. at 8. In the check-the-box questionnaire, Dr. Spence stated that Plaintiff: suffered from moderate pain that is chronic in nature; would frequently need unscheduled interruptions of work to alleviate her pain; and would frequently "probably miss work due to exacerbations of pain." R. 272-73 (Ex. 7F). In evaluating Plaintiff's credibility for purposes of the RFC determination, the ALJ concluded that Dr. Spence's questionnaire "suggested near total incapacity, and yet this is not consistent with the balance of the treatment." R. 29 (citation omitted).

Plaintiff does not specifically challenge the ALJ's finding of inconsistency, and consistency or a lack thereof is a proper factor for consideration in weighing a medical opinion. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); *Kellogg v. Barnhart*, 33 F. App'x 459, 460-61 (10th Cir. 2002) (upholding ALJ's rejection of treating physician opinion based in part upon its "inconsisten[cy] with other of [the physician's] reports"). The ALJ's statement adequately provides "good reasons" for his

assessment of the questionnaire and renders harmless any error in failing to expressly state that it was not entitled to controlling weight. *See* R. 29; 20 C.F.R. § 404.1527(c)(2); *Tarpley*, 601 F. App'x at 643-44; *Kruse*, 436 F. App'x at 883. Further, to the extent Dr. Spence opined that Plaintiff was unable to work, the questionnaire was not a "medical opinion," and the treating physician rule was inapplicable. *See* R. 272-73; 20 C.F.R. § 404.1527(d).

With respect to both of these medical opinions, any error in this regard was harmless, and remand is not required. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) ("[C]ommon sense, not technical perfection, is our guide."); *Wall*, 561 F.3d at 1069 (finding remand unnecessary when it would "serve no other purpose than to needlessly prolong a protracted course of proceedings").

### 4. Failure to Seek Additional Evidence

Finally, Plaintiff nominally argues that remand is required because of "unresolved ambiguity in the record as to whether or not" Plaintiff retained the RFC determined by the ALJ. Pl.'s Br. at 8. Plaintiff does not cite any actual ambiguity, however: her argument instead reiterates the purported lack of substantial evidence supporting the RFC determination. *See id.* For the reasons noted above, Plaintiff has not demonstrated that the alleged errors undermine the ALJ's RFC determination.

Further, while the ALJ is required to develop a claimant's "complete medical history," 20 C.F.R. § 404.1512(d), the relevant regulation makes clear that the claimant is obligated to assist the ALJ with this task. *See id.* § 404.1512(a) ("You must inform us about or submit all evidence known to you that relates to whether or not you are . . .

disabled. . . . . We will consider only impairment(s) you say you have or about which we receive evidence."). In *Maes v. Thomas*, the Tenth Circuit explained that when the claimant is represented by counsel in the administrative proceedings, the ALJ may rely upon the claimant's counsel to structure the claimant's case and to identify any issue requiring further development. *See Maes*, 522 F.3d 1093, 1096, 1097 (10th Cir. 2008). In the administrative proceedings, Plaintiff was represented by counsel. *See* R.12-14, 39, 60. At the hearing, Plaintiff's counsel raised no objection to the exhibits of record and made no request to supplement those exhibits. *See* R. 40, 54-55. While Plaintiff's administrative appeal was pending, Plaintiff's attorney did submit additional briefing and records, and these were expressly considered by the Appeals Council. *See* R. 2, 6, 233, 306-71.

"Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation." *Maes*, 522 F.3d at 1097. The ALJ was not required, under the circumstances, to act as Plaintiff's advocate. *See id.*; *accord Graham v. Apfel*, No. 97-6373, 1998 WL 321215, at *3-4 (10th Cir. June 5, 1998). Further, the administrative record contains treatment evidence issued by multiple physicians, as well as a consultative examination. *See* R. 255-62; *see, e.g.*, R. 244-53, 272-371. "[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receives from the claimant's treating physician that triggers the duty." *White v. Barnhart*, 287 F.3d 903,

908 (10th Cir. 2001) (alterations and internal quotation marks omitted); *see* 20 C.F.R. § 404.1512(d), (e).

The vague suggestion by Plaintiff that "development of the record could have resulted in a completely different, albeit, favorable outcome for the Plaintiff" attempts to impose on the ALJ the duty to obtain different, better-supported evidence on Plaintiff's behalf. Pl.'s Br. at 8. That obligation resided with Plaintiff and her counsel. *See Maes*, 522 F.3d at 1097; 20 C.F.R. § 404.1512(a), (c). Plaintiff has not shown that the ALJ erred with respect to development of the record.

   *5. Conclusion as to the RFC Determination*

Plaintiff has not shown that the ALJ's determination that Plaintiff could perform light work, subject to multiple limitations, is "overwhelmed by other evidence in the record" or "constitutes [a] mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (internal quotation marks omitted). Reversal is not warranted on this basis.

   B. *Whether the Step-Five Determination Is Supported by Substantial Evidence*

When the disability analysis reaches step five of the sequential process, the burden shifts to the Commissioner to show that "there are sufficient jobs in the national economy for a hypothetical person with [the claimant's] impairments," *Jensen v. Barnhart*, 436 F.3d 1163, 1168 (10th Cir. 2005), "given her age, education, and work experience." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c)(1). In making this determination, an ALJ may properly rely on a vocational expert's testimony if the claimant's impairments and limitations are

adequately and precisely reflected in the hypothetical posed to the expert. *See Hargis v. Sullivan*, 945 F.2d 1482, 1491-92 (10th Cir. 1991); 20 C.F.R. § 404.1545(a)(5)(ii).

At the administrative hearing, the ALJ put forth a hypothetical inquiry to the vocational expert ("VE") regarding a claimant with Plaintiff's age, education, work experience, and the limitations of the RFC cited above. *See* R. 53. The VE testified that such an individual would not be able to perform Plaintiff's past work but would be able to perform the light, unskilled operations of folding- or insert-machine operator, photocopying-machine operator, and sewing-machine operator. *See* R. 53-54. Plaintiff's attorney opted not to cross-examine the VE at the hearing. *See* R. 54. The ALJ relied upon the VE's testimony in concluding at step five that Plaintiff retained the ability to perform jobs that exist in significant numbers in the national economy and therefore was not disabled. R. 30.

Plaintiff argues that the ALJ's reliance upon the VE's testimony is not supported by substantial evidence because the ALJ's hypothetical failed to include limitations relating to (i) Plaintiff's hands and kneeling ability and (ii) her limited ability to read and write in English. *See* Pl.'s Br. at 9-10; *Hargis*, 945 F.2d at 1492 ("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." (alteration and internal quotation marks omitted)). With respect to the first point, the ALJ's omission of any hand or knee limitations does not undermine the substantial evidence supporting the RFC determination, as explained above. Hypothetical inquiries to a VE "must include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55

F.3d 530, 532 (10th Cir. 1995). The ALJ therefore was not required to include any such limitations in his hypothetical inquiry, and the ALJ's step-five reliance thereon is not rendered improper by their absence. *See Hargis*, 945 F.2d at 1492; *Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir. 1987).

Regarding Plaintiff's English-language ability, the applicable regulation requires the ALJ to consider a person's education, including "a person's ability to communicate in English," when "evaluat[ing] what work, if any, he or she can do." 20 C.F.R. § 404.1564(a), (b)(5). In the written decision, the ALJ specifically found that Plaintiff has at least a high school education and is able to communicate in English. R. 29 (citing 20 C.F.R. § 404.1564). Plaintiff cites her self-reports of a limited ability to read and write in English, *see* Pl.'s Br. at 2 (citing R. 183, 212), but Plaintiff does not otherwise challenge the ALJ's finding, which is supported by the record reflecting Plaintiff: graduated from high school; moved to the United States from Vietnam at least 26 years ago; is a U.S. citizen; obtained a driver's license in the United States and has a long history of employment in the United States; was able to fill out her own Function Report in English and to testify at her hearing in English; and translates on her mother's behalf to medical personnel. R. 42, 43, 150, 185, 191-92, 212-19, 260, 300. Plaintiff therefore has not shown that the ALJ erred by not including any English-language-related limitations in the relevant hypothetical or that this omission renders the step-five determination unsupported by substantial evidence. *See Evans*, 55 F.3d at 532; *Hargis*, 945 F.2d at 1492.

Finally, Plaintiff asserts that the VE's testimony contained an unresolved conflict with the job specifications for the three relevant occupations as set forth in the *Dictionary of Occupational Titles* ("DOT," 4th rev. ed. 1991). As required by Social Security Ruling 00-4p, the ALJ asked the VE whether his testimony was consistent with the DOT; the VE answered in the affirmative. *See* R. 54; SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("[T]he adjudicator will inquire, on the record, whether or not there is such consistency [between the occupational evidence provided by the VE] and [the occupational information supplied by the DOT]."). Plaintiff argues that the VE erred in finding there was no conflict between his testimony and the DOT because the relevant hypothetical posed to the VE contained limitations on Plaintiff's neck movements that are not specified in the DOT listings of the three relevant jobs. *See* Pl.'s Br. at 10-11; R. 30, 53-54. *Compare* R. 53 (ALJ's hypothetical included "no more than occasional bending or twisting of the neck"), *with* DOT 208.685-014 (Folding-Machine Operator: no specifications for neck movements), DOT 207.685-014 (Photocopying-Machine Operator: no specifications for neck movements), *and* DOT 786.685-030 (Sewing-Machine Operator, Semiautomatic: no specifications for neck movements).

Plaintiff is correct that when there is "an apparent unresolved conflict" between the VE's testimony and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2. Both the Tenth Circuit and this Court have previously found, however, that the fact that the DOT does not specifically address a certain limitation in its descriptions for the jobs relied

18

upon by the VE and the ALJ does not necessarily establish an actual "conflict" between the two sources of information.

In *Segovia v. Astrue*, the Tenth Circuit explained:

> The VE was aware of [the claimant's] limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of the jobs open to her was consistent with the *DOT*'s specifications. In these circumstances, the VE's testimony does not conflict with the *DOT* and [*DOT* revisions] so much as it clarifies how their broad categorizations apply to this specific case.

*Segovia*, 226 F. App'x 801, 804 (10th Cir. 2007) (citation omitted) (citing *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000)); *accord Musgrave v. Astrue*, No. CIV-09-1276-D, 2010 WL 3749428, at *4-5 (W.D. Okla. Aug. 23, 2010) (R. & R.) (upholding ALJ's reliance on VE's testimony where DOT did not address disputed limitations, thus resulting in "no actual conflict," and claimant's attorney declined to cross-examine the VE as to claimant's ability to perform the jobs identified in light of those limitations), *adopted*, 2010 WL 3749432 (W.D. Okla. Sept. 21, 2010); *Mueller*, 2014 WL 3419313, at *5-6; *cf.* SSR 00-4p, 2000 WL 1898704, at *2 ("Evidence from VEs . . . can include information not listed in the DOT. . . . Information about a particular job's requirements . . . may be available from other reliable publications, information obtained directly from employers, or from a VE's . . . experience in job placement or career counseling.").

For all these reasons, Plaintiff has not shown that the ALJ erred at step five or that the ALJ's step-five determination is not supported by substantial evidence.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned recommends that the decision of the Commissioner be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by August 11, 2016. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 28th day of July, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE